## Wallace's Estate.

*Guardian and ward—Trust and trustees—Removal of trustee.*

While a guardian should not be appointed trustee of the estate in which his wards are interested, yet if he has been so appointed, he will not be removed as trustee after all the minors are of age, merely because of the irregularity of his appointment.

Argued March 9, 1903.   Appeal, No. 353, Jan. T., 1902, by E. W. Wallace et al., from decree of O. C. Franklin Co., O. C. Docket, 30, page 402, discharging rule to remove trustee in estate of William Wallace, deceased.   Before MITCHELL, DEAN, BROWN and MESTREZAT, JJ.   Affirmed.

Rule to discharge trustee.

From the record it appeared that on September 31, 1888, Hastings Gehr was appointed by the orphans' court guardian of the minor children of Elijah W. Wallace.   On June 25, 1889, the court appointed Gehr trustee of the estate of William Wallace.   Elijah W. Wallace was a son of William Wallace. Gehr continued to act as guardian and trustee until all of his wards became of age.   After the last of the minors had become of age, all of the parties in interest in the estate of William Wallace secured a rule on Gehr to show cause why he should not be discharged as trustee.

JOHN STEWART, P. J., filed the following opinion:

Had it been brought to the attention of the court when Mr. Gehr's appointment as trustee was asked for, that he had been appointed guardian of the minor children of Elijah W. Wallace's minor children, his appointment as trustee would not have been allowed, except upon his declining or resigning the other trust. The reasons that would then have operated against his appointment as trustee, however, do not now require his discharge. The children of Elijah W. Wallace are no longer minors.   Mr.

Gehr is not in charge of conflicting interests, he is simply trustee of an estate in which no one is interested who is not sui juris.

Now December 17, 1902, rule discharged at the cost of petitioners.

*Error assigned* was the order of the court.

*J. A. Strite*, for appellants.

*Sharpe & Elder* and *Garnet Gehr*, for appellee.

PER CURIAM, May 11, 1903:
Judgment is affirmed on the opinion of the court below.